IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER WEST, :

        Plaintiff, : Case No. 3:18-cv-245

vs. : JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

        Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #13); OVERRULING DEFENDANT'S OBJECTIONS THERETO (DOC. #14); VACATING COMMISSIONER'S NON-DISABILITY FINDING; REMANDING CASE UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) FOR FURTHER CONSIDERATION; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On September 4, 2019, the United States Magistrate Judge filed a Report and Recommendations (Doc. #13), recommending that the Commissioner's non-disability finding be vacated and that this matter be remanded under Sentence Four of 42 U.S.C. § 405(g) for further proceedings. Defendant Commissioner has filed Objections to that Report and Recommendations (Doc. #14).

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005).

This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict." *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."

*LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

Plaintiff suffers from lumbar degenerative disc disease with residuals of surgery, depressive disorder, and anxiety disorder. Doc. #8-2, PageID#42. The ALJ found that he has the residual functional capacity to perform light duty work with several limitations, including low stress work, occasional contact with coworkers and supervisors, including no teamwork or over the shoulder supervision

and no contact with the public. *Id.* at PageID#44. In so finding, the Administrative Law Judge ("ALJ") gave the opinion of Plaintiff's treating psychologist, Paul Deardorff, Ph.D., little weight.

Following Plaintiff's back injury, which occurred at work, Dr. Deardorff evaluated Plaintiff for purposes of his Bureau of Workers Compensation claim, and then continued to treat him. He opined that Plaintiff was unable to work from July of 2014 to January of 2016. Dr. Deardorff noted marked impairment in social functioning and moderate impairment in activities of daily living, concentration, persistence and pace, and adaptation. In January of 2016, he wrote a letter asking that Plaintiff be excused from jury duty because he would have considerable difficulty working in a constructive manner with the other jurors. In an assessment done in February of 2017, he noted severe depression accompanied by irritability and violent fantasies, and opined that Plaintiff was incapable of functioning adequately in a competitive work environment. In June of 2017, Dr. Deardorff found that depression-related psychomotor retardation would significantly interfere with Plaintiff's productivity.

If well-supported and not inconsistent with the other substantial evidence in the case record, a treating physician's opinion concerning the nature and severity of the claimant's impairments must be given controlling weight. *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). If the ALJ does not afford a treating source's opinion controlling weight, the ALJ must "must apply certain

4

factors—namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion." *Id.* at 385 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). The ALJ must give "good reasons" for rejecting the opinion of a treating source. *Id.*

The ALJ concluded that Dr. Deardorff's opinion was not entitled to controlling weight because it was not well-supported by medically acceptable clinical findings and was inconsistent with other substantial medical evidence of record. She gave Dr. Deardorff's opinion little weight. The ALJ noted that Dr. Deardorff continued to request sessions with Plaintiff after the initial BWC claim evaluation, suggesting a financial motive on the part of the doctor. Doc. #8-2, PageID#52.

The ALJ also noted that Dr. Deardorff's opinions were unsupported by objective signs and findings in his own treatment notes. Although Dr. Deardorff noted symptoms of depression and anxiety, psychomotor retardation, halted speech and moderately impaired attention, concentration and memory, treatment notes indicate that Plaintiff was well-groomed, cooperative, and had logical and coherent thought processes. On several occasions, his cognitive functioning was relatively normal and Dr. Deardorff assessed him to have average to bright-average intelligence. Plaintiff never displayed hostile or belligerent behavior during office

5

visits and never acted on the alleged violent fantasies. Finally, the ALJ found that Dr. Deardorff's opinion was out of proportion with mental health treatment notes of treating psychiatrist Dr. Gollamundi. *Id.*

In her Report and Recommendations, the Magistrate Judge found that the ALJ erred in failing to give Dr. Deardorff's opinion controlling weight. She recommended remanding the case to the Commissioner for further review. The Magistrate Judge concluded that the reasons cited by the ALJ were not valid. The Magistrate Judge found that the ALJ was mistaken in believing that Dr. Deardorff initially evaluated Plaintiff for purposes of his BWC claim, and that there was nothing in the record to support a finding that Dr. Deardorff's later treatment of Plaintiff was motivated by financial gain. Doc. #13, PageID##2007-08.

The Commissioner notes, however, that Dr. Deardorff's documents repeatedly refer to the worker's compensation claim and claim number, and that Dr. Deardorff demanded authorization from the BWC before continuing treatment. But even if Dr. Deardorff was treating Plaintiff in connection with his BWC claim, the Court agrees with the Magistrate Judge that there is absolutely no evidence in the record to support a finding that Dr. Deardorff's opinions concerning the nature and severity of Plaintiff's impairment were motivated by financial gain. The Court therefore OVERRULES the Commissioner's Objection on this point.

As to the lack of objective medical evidence to support Dr. Deardorff's opinion, the Magistrate Judge noted that, because psychiatric impairments are more

6

difficult to substantiate than medical impairments, some leeway must be given. She found that the ALJ ignored other treatment notes of Dr. Deardorff, which referred to Plaintiff's hopelessness, suicidal ideation, irritability, social isolation, difficulties in relating to people, poor frustration tolerance and preoccupation with pain. She further noted that Dr. Deardorff's findings that Plaintiff was relatively normal in many respects do not negate a finding that he has work-preclusive depression and anxiety. The Magistrate Judge concluded that the ALJ had substituted her opinion for that of the treating physician. Doc. #13, PageID##2008-10.

The Commissioner argues that the ALJ did not ignore these other findings in Dr. Deardorff's treatment notes, but rather weighed his opinion against all of the objective medical evidence. The Court OVERRULES this Objection also. The ALJ must first determine whether the treating physician's opinion is well-supported by objective medical evidence. The Court agrees with the Magistrate Judge that, in assessing whether Dr. Deardorff's opinion should be given controlling weight, the ALJ ignored treatment notes that substantiated his opinion.

With respect to the ALJ's finding that Dr. Deardorff's opinions were out of proportion with Dr. Gollamundi's later mental health treatment notes, the Magistrate Judge noted that Dr. Gollamundi also diagnosed Plaintiff with major depressive disorder recurrent with psychosis. She theorized that Dr. Gollamundi's notes lacked detail about Plaintiff's psychiatric problems because Plaintiff saw Dr.

7

Gollamundi only for prescription management and, according to Plaintiff, those office visits were very short. Doc. #13, PageID##2010-11.

The Commissioner objects to this finding, noting that Dr. Gollamundi's notes indicate that he also provided "supportive psychotherapy." The Court OVERRULES this Objection also. As the Magistrate Judge noted, Dr. Gollamundi, like Dr. Deardorff, diagnosed Plaintiff with a major depressive disorder. Both doctors noted that, although Plaintiff's functioning was relatively normal in some respects, he exhibited depression and anxiety. Magistrate Judge Ovington properly concluded that the ALJ erred in finding that Dr. Deardorff's opinions concerning the nature and severity of Plaintiff's impairment were out of proportion to Dr. Gollamundi's treatment notes.

Finally, the Magistrate Judge rejected the Commissioner's argument that the ALJ reasonably discounted Dr. Deardorff's opinion because it was based on Plaintiff's non-credible reports of violent fantasies and outbursts. Doc. #13, PageID##2011-12. The Magistrate Judge noted that the ALJ did not explicitly find these reports to be non-credible. Rather, the ALJ found that Plaintiff's descriptions of his symptoms were not "entirely consistent" with the medical evidence and not "fully supported" by the record. The Magistrate Judge properly noted that this is the wrong standard.

Based on the reasoning and citations of authority set forth in the Report and Recommendations, as well as upon a thorough *de novo* review of this Court's file,

including the Administrative Record, Doc. #8, and a thorough review of the applicable law, the Court ADOPTS the Magistrate Judge's Report and Recommendations, Doc. #13, and OVERRULES Defendant's Objections thereto, Doc. #14.

The Court VACATES the Commissioner's non-disability finding, and REMANDS the case to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for further proceedings. As the Magistrate Judge recommended, the ALJ, on remand, must review Plaintiff's disability claim to determine anew whether he was under a benefits-qualifying disability, including, at a minimum, a reassessment of his residual functional capacity and a re-consideration of the evidence at steps three, four, and five of the sequential evaluation.

Judgment shall be entered in favor of Plaintiff and against Defendant, vacating the Commissioner's non-disability finding and remanding the matter under Sentence Four of 42 U.S.C. § 405(g), for further proceedings.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 29, 2019

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT