# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CHRISTOPHER WEST, | : Case No. 3:18-cv-245 |
| Plaintiff, | : District Judge Walter H. Rice |
| | : Magistrate Judge Sharon L. Ovington |
| vs. | : |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

## DECISION AND ENTRY

This case is before the Court on the parties' Joint Stipulation for an Award of Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. #17). Specifically, the parties stipulate to an award to Plaintiff of attorney fees in the amount of $3,800.00 in full satisfaction and settlement of any and all claims Plaintiff may have under the EAJA in the above case. The award shall satisfy all of Plaintiff's claims for fees, costs, and expenses under 28 U.S.C. § 2412 in this case. Prior to Plaintiff filing an EAJA petition, the parties jointly reached a resolution to settle EAJA fees in this case. The parties' Stipulation represents a compromise on disputed positions and is not intended to set precedent for, or a representation of, any specific hourly rate or total number of hours.

Any fees paid belong to Plaintiff, and not his attorney, and can be offset to satisfy pre-existing debt that the litigant owes the United States under *Astrue v. Ratliff*,

130 S.Ct. 2521, 560 U.S. 586 (2010). After entry of the award, if Defendant can verify that Plaintiff does not owe a preexisting debt to the government subject to offset, Defendant will direct payment of the award to Plaintiff's attorney pursuant to the EAJA assignment signed by Plaintiff and counsel. Plaintiff's attorney has consented to the amount and method of payment.

**IT IS THEREFORE ORDERED THAT:**

1. The Parties' Joint Stipulation for an Award of Attorney's Fees under the Equal Access to Justice Act (Doc. #17) is accepted and the Commissioner shall pay Plaintiff's attorney fees, costs, and expenses in the total amount of $3,800.00;

2. Counsel for the parties shall verify, **within thirty days of this Decision and Entry,** whether or not Plaintiff owes a pre-existing debt to the United States subject to offset. If no such pre-existing debt exists, Defendant shall pay the EAJA award directly to Plaintiff's counsel pursuant to a valid EAJA assignment; and

3. The case remains terminated on the docket of this Court.

**IT IS SO ORDERED.**

10-25-19

Walter H. Rice
United States District Judge